AO 245C (Rev. 11/16) Amended Judgment in a Criminal Case
Sheet 1
Case 1:10-cr-10388-ADB   Document 487   Filed 06/27/17   Page 1 of 19
(NOTE: Identify Changes with Asterisks (*))

# UNITED STATES DISTRICT COURT
## District of Massachusetts

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>JON LATORELLA | AMENDED JUDGMENT IN A CRIMINAL CASE<br>Case Number: 1: 10 CR 10388 - 01 - DPW<br>USM Number:<br>Martin G. Weinberg and Robert M. Goldstein<br>Defendant's Attorney |

**Date of Original Judgment:** 6/18/2012
*(Or Date of Last Amended Judgment)*

**Reason for Amendment:**

✓ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or
   ☐ 18 U.S.C. § 3559(c)(7)
✓ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**
✓ pleaded guilty to count(s)  1 of the Indictment on 3/5/12
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §371 | Conspiracy to Committ Offenses Against the United States | 12/31/07 | 1 |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
✓ Count(s) 2 through 30 of the Indictment  ☐ is  ✓ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

6/27/2017
Date of Imposition of Judgment

*/s/ Douglas P. Woodlock*
Signature of Judge

The Honorable Douglas P. Woodlock
Judge, U.S. District Court
Name and Title of Judge

6/27/2017
Date

AO 245C (Rev. 11/16) Amended Judgment in a Criminal Case
Sheet 2 — Imprisonment
Case 1:10-cr-10388-ADB   Document 487   Filed 06/27/17   Page 2 of 19
(NOTE: Identify Changes with Asterisks (*))
Judgment — Page 2 of 8

DEFENDANT: Jon Latorella
CASE NUMBER: 10-cr-10388-01-DPW

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: 5 years.

☒ The court makes the following recommendations to the Bureau of Prisons:

Defendant should be designated to a facility as closes as possible to Florida.

Defendant should participate in all available substance abuse treatment programs.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

　☐ at _____ ☐ a.m. ☐ p.m. on _____ .

　☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

　☒ before 2 p.m. on 9/30/2012 .

　☐ as notified by the United States Marshal.

　☒ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 11/16) Case 1:10-cr-10388-ADB  Document 487  Filed 06/27/17  Page 3 of 19
Amended Judgment in a Criminal Case
Sheet 3 — Supervised Release
(NOTE: Identify Changes with Asterisks (*))

Judgment—Page 3 of 8

DEFENDANT: Jon Latorell
CASE NUMBER: 10-cr-10388-01-DPW

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of: 3 years.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245C (Rev. 11/16) Case 1:10-cr-10388-ADB  Document 487  Filed 06/27/17  Page 3 of 19
Amended Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page 3 of 8

Judgment—Page __4__ of __8__

DEFENDANT: Jon Latorella
CASE NUMBER: 10-cr-10388-01-DPW

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____  Date _____

AO 245C (Rev. 11/16) Amended Judgment in a Criminal Case
Sheet 3B — Supervised Release
Case 1:10-cr-10388-ADB   Document 487   Filed 06/27/17   Page 5 of 19
(NOTE: Identify Changes with Asterisks (*))

DEFENDANT: Jon Latorella
CASE NUMBER: 10-cr-10388-01-DPW

Judgment—Page 5 of 8

# ADDITIONAL SUPERVISED RELEASE TERMS

14. Defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

15. So long as his financial obligations under this Judgment are outstanding, defendant is prohibited from incurring new credit charges or opening additional lines of credit without the approval of the Probation Officer.

16. Defendant is to provide the Probation Officer access to any requested financial information, which may be shared with the Financial Litigation Unit of the U.S. Attorney's Office.

17. Defendant is to participate in a program for substance abuse/mental health as directed by the Probation Office, which program may include testing, not to exceed 104 drug tests per year, to determine whether the defendant has reverted to the use of alcohol or drugs. The defendant shall be required to contribute to the costs of services for such treatment based on the ability to pay or availability of third-party payment.

DEFENDANT: Jon Latorella
CASE NUMBER: 10-cr-10388-01-DPW

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| TOTALS | $ 100.00 | $ | $ | $ 4,947,834.18* |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☒ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Randy Jurecka | $76,799.58 | $76,799.58 | 1st |
| Special Situations Fund | $4,871,034.60 | $4,871,034.60 | 2nd |
| | | | |
| | | | |
| | | | |

| | | | |
|---|---|---|---|
| TOTALS | $ 4,947,834.18 | $ 4,947,834.18 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☒ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for   ☐ fine   ☐ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Jon Latorella
CASE NUMBER: 10-cr-10388-01-DPW

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

Defendant shall notify the U.S. Attorney for this District within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.

DEFENDANT: Jon Latorella
CASE NUMBER: 10-cr-10388-01-DPW

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  ☒  Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☒ in accordance with ☐ C, ☐ D, ☐ E, or ☒ F below; or

B  ☐  Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☒  Special instructions regarding the payment of criminal monetary penalties:

SEE MEMORANDUM AND ORDER REGARDING RESTITUTION issued June 27, 2017 (attached). Defendant shall pay the special assessment and restitution immediately or according to a payment plan established by the Court in consultation with the Probation Officer, if not paid in full before release from prison through a Bureau of Prisons financial responsibility program.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

    James C. Fields  10-cr-10388-02-DPW   TOTAL: $4,947,834.18

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) Criminal NO. |
| v. | ) 10-10388-DPW |
| | ) |
| JON R. LATORELLA and | ) |
| JAMES C. FIELDS | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM AND ORDER REGARDING RESTITUTION
June 27, 2017

Remaining to be resolved in this case is the untidy and doggedly contested problem of restitution under the Mandatory Victims Restitution Act. I established at sentencing losses totaling $6,901,599.63 for the fraud and deceit charges that provide the crimes of conviction. This amount presumptively provides a base line from which a restitutionary order can be ordered.

Under the Act, restitution is mandatory without consideration of the defendant's financial circumstances; moreover, the availability of third party compensation to victims is disregarded as to those victims whose restitutionary claims are established by a preponderance of the evidence. 18 U.S.C. § 3665(f)(1)(A)-(B).

Establishing the overall loss, however, only begins the process of fashioning appropriate restitutionary order. The daunting issues here have been (I) the problem of proof as to causation regarding those victims who have actually sought restitution and (II) the manageability of a distribution plan for those identifiable victims who have established entitlement to restitution. Meanwhile, (A) a related bankruptcy proceeding and (B) a parallel Securities Exchange Commission civil enforcement action have undertaken separately to make certain victims whole and otherwise to deprive the defendants of ill-gotten gains and govern their conduct in the future. A manageable and efficient plan must take those proceedings into consideration.

I.

Over the period of time the problem of restitution has been under advisement, several putative victims have proven unwilling or unable to support the discrete claims fully to the Government. As a consequence, the Government has narrowed the identifiable victims for whom it presses restitutionary relief. I am satisfied the Government's screening of those who have submitted claims is well founded and will limit restitution to those — except for the defendants' former corporate vehicle,

2

LocatePlus Holdings Corporation — whose separate restitutionary claims the Government has also pressed.

For their part, each of the two defendants — who I now formally conclude are jointly and severally liable for the restitutionary losses established because those losses were reasonably foreseeable to each defendant and caused by one or both of the coconspirator codefendants during and in furtherance of their conspiracy together — have mounted a range of challenges to aspects of restitution orders that have been under consideration while the question of restitution has remained open.  I have largely rejected those challenges as to the restitution order now sought by the Government.

In order to balance the competing considerations and after full consideration of the parties' contentions, I have decided to impose a restitution order that triages among proven victims the order of payment and the manner of distribution. *Id*. at § 3665(f)(2)

Briefly stated, payment(s) in full must first be paid to the individual victim Randy Jurecka in the amount of $76,799.58.

Second, following the satisfaction of Mr. Jurecka's claim, payment may be paid to the Special Situations Fund in an amount not to exceed $4,871,034.60.

3

I conclude no other claimants should be addressed in the restitution order for this criminal case.[1]

## II.

Having identified the claimants entitled to restitution and the related amounts of restitution to be provided to those claimants, I turn to the practical questions of manageability. The manageability challenge is presented in two basic aspects.

First, the defendants are as a practical matter now unable to pay any significant amount of the restitution amount I have ordered and, moreover, only a portion is likely to be paid by either of them over time under any conceivable periodic payment plan reflective of their actual financial capacities in their declining years.

Second, as to the identifiable victims entitled to the Special Situations Fund restitution — the reported 430 separate

---

[1] The Government, expressing uncertainty about the availability of prejudgment interest as a legal matter — and perhaps more importantly in the circumstances of this case — as a practical matter, declined to press for such an award as restitution. This appears prudent and I accept the Government's position. I note, however, that as a legal matter prejudgment interest is available as part of a restitution order designed to make victims whole by compensating them for the lost time value caused by delay in receiving restitution of the core underlying loss. See, e.g., United States v. Alexander, 679 F.3d 721, 731 (8th Cir. 2012); United States v. Fumo, 655 F.3d 288, 321 (3d Cir. 2011); United States v. Qurashi, 634 F.3d 699, 702-05 (2d Cir. 2011).

4

investors in Fund entities to whom any restitutionary amount paid to the Fund would flow through — a periodic payment plan subject to frequent payouts is likely to result in considerable transaction costs both for the Probation Office in overseeing the plan and to the managers of the Fund, who may in turn seek in some fashion to shift those costs directly or indirectly to individual investors. Any appropriate periodic payment plan must take those factors into consideration.

    Having evaluated these considerations, I have chosen, as noted above, to sequence periodic payments according to a payment plan to be developed by the Probation Office and refined by me, first to the most vulnerable claimant, Mr. Jurecka, and then to Special Situations Fund entities. With respect to Special Situations Fund, I will direct — subject to such refinements as may later appear advisable — payments to be made on a periodic basis and that such payments shall be deposited in the court's registry until an amount of at least $43,000 has accumulated at which point distributions may be made to Special Situations Fund. Such distributions, however, can be made only after Special Situations Fund has submitted under seal to the Probation Office, an identification of every investor in the Fund that the Fund deems entitled to such distributions, indicating the amount and basis for each such projected

5

distribution and the costs or fees, if any, the Fund seeks to impose on investors for such distribution.

I make this special order regarding accumulation of restitution payments before periodic distribution to the Special Situations Fund in order to assure that there will be a critical mass to the distribution sufficient to justify associated transaction costs.[2]  This plan of distribution is also designed to ensure that the distributions will flow through to the underlying investors in the Special Situations Fund entities in circumstances where one Fund has ceased to be a registered Investment Company. *See* In the Matter of *Special Situations Fund III, L.P.*, (United States Securities and Exchange Commission, Investment Company Act of 1940 Release No. 29768, August 24, 2009) and the managers of the entities have declined to identify the underlying investors who are the intended recipients of any distributions.

Should the Fund fail to provide the Probation Office with the required information within 60 days of request, the monies

---

[2] It should be noted that given the refusal of administrators of the Fund entities to disclose the identities and the aliquot shares in the investments giving rise to restitution, no breakdown by investment can be made at this point.  The $43,000 distribution level is arrived at by assuming equal investments for all underlying investor victims; this provides that payouts may be undertaken whenever the hypothetical average investor is entitled to at least a $100.00 partial payment.

available for distribution shall be escheat to the general Treasury of the United States on the basis of constructive abandonment of entitlement to a restitution distribution by the Fund.

### III.

Finally, I have chosen not to order restitution losses sought directly on behalf of LocatePlus, an entity with which the defendants were affiliated. This determination is in recognition of the facts (A) that losses to the LocatePlus estate from the activity of the defendants are within the ambit of an ongoing bankruptcy proceeding, *In Re: LocatePlus Holdings Corporation, et al.*, Case No. 11-15791 (Bank. D. Mass.), the purpose of which is to marshal assets and provide a fair distribution among claimants and (B) that yet another matter, a civil enforcement proceeding prosecuted by the *Securities and Exchange Commission* v. *LocatePlus Holdings Corporation, James C. Fields, and Jon Latorella*, Civil Action No. 10-11751 (D. Mass.) illustrates how multiple overlapping proceedings in which the interested parties' activities may be considered *inter sese* have the potential not only to resolve claims among such parties in a more practical and tailored manner, but also to introduce unwarranted complexity to the assessment of restitution.

A.

The respective responsibilities of LocatePlus, the defendant Fields and the defendant Latorella, for losses claimed directly by LocatePlus, are best resolved between those parties in the bankruptcy proceeding. That proceeding provides a vehicle for first party determinations among them.[3] Embedded in the dispute among these three affiliated parties are a number of knotty legal issues, including the issue whether a release issued to the defendant Fields means that he is not obligated to pay anything back.

I recognize that the bankruptcy proceeding is an intensely practical affair in which the Trustee, exercising his business judgment will be "focused," as the LocatePlus Trustee phrased the matter in a submission to the Bankruptcy Court, "on maximizing the value of the estate" with a view toward fashioning "a comprehensive Claims reconciliation process" in an

---

[3] I note that in contrast to first party disputes among LocatePlus, Latorella and Fields, Special Situations Fund entities have filed third-party claims in the bankruptcy proceeding. While the order of restitution is not reduced by the existence of this other potential source of compensation for the loss, see 18 U.S.C. § 3664(f)(1)(B), if the Special Situation Fund claimants in the bankruptcy proceeding actually do receive compensation from the bankruptcy estate for the loss, their restitution award will be reduced and payments will be redirected to the bankruptcy estate. See generally 18 U.S.C. § 3664(j).

8

effort to create "distributable value." Plan Trustee's *Ex Parte Motion for an Order Further Extending the Claims Objection Bar Date*, Case No. 11-15791 (Bank. D. Mass. Dkt. No. 950, Oct. 14, 2015 at 3). That is precisely the venue where the particulars of the claims of LocatePlus for losses directly experienced by activity of its affiliates should be thrashed out. The extended travel of this restitution inquiry in this court has demonstrated that the entitlement of LocatePlus to restitution in its own name counsels that the determination of complex issues of fact and law not burden the sentencing process any longer. See generally 18 U.S.C. § 3663A(c)(3)(B).

B.

The parallel SEC enforcement action against LocatePlus will be resolved today without further complicating the mechanisms for imposing financial obligations on the defendants Fields and Latorella. The parties are in agreement that a fine in that proceeding would be inappropriate. Moreover, I find that the SEC's prayer for disgorgement, to the degree that such a remedy is available in a civil enforcement action,[4] would be duplicative

---

[4] It bears noting that the Supreme Court earlier this month expressly reserved the question "whether courts possess authority to order disgorgement in SEC enforcement proceedings." *Kokesh v. Securities and Exchange Commission*, 2017 WL 2407471 at *5 n. 3 (U.S. June 5, 2017).

9

at best and potentially disruptive of the restitution order in this case, to the degree that the restitution order in the criminal case is burdened by separate collection efforts from the defendants in another proceeding.

While I will order that the defendants, whose past professional activities — as evidenced in the crimes of conviction — present the ongoing danger of future repetition, not be permitted to participate in certain activities in the securities markets, I recognize that this may further restrict their abilities to fund their restitution obligations. Nevertheless, it appears clear that it is not in the public interest to permit the defendants, even after the passage of some more limited debarment period, to be set loose again in positions of trust or responsibility related to the securities markets.

Of course, should changed circumstances require modification of the injunctive decrees incorporated in the Final Judgments in the SEC enforcement action, the parties are by terms authorized to petition the court for modification. But at this point, I find final judgments in the SEC enforcement action without financial provisions provide an adequate and appropriate adjunct to the criminal proceeding which I have tailored to

avoid disrupting the restitution ordered in this criminal proceeding.

IV.

For the reasons set forth more fully above, the judgments respectively as to the defendants Fields and Latorella, shall be amended jointly and severally to provide restitution[5] to Randy Jurecka in the amount of $76,799.58 and to Special Situations Fund entities in an amount not to exceed $4,871,034.60 in accordance with the procedures outlined herein.

/s/ Douglas P. Woodlock
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT

---

[5] As I alerted the parties at the most recent hearing on the question of restitution, the Supreme Court earlier this term ruled that a party in a deferred restitution case must file a separate notice of appeal from any subsequently entered restitution order. *Manrique v. United States*, 137 S. Ct. 1266 (2017). Thus, it would appear that any party seeking review of the restitution order embodied in the respective amended judgments regarding the defendants here must file a separate notice of appeal and, in particular, the notices of appeal earlier filed by both parties with respect to the defendant Fields's judgment of conviction must be supplemented by a new and independent notice of appeal if either party seeks review of the restitution decision.